UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Julia A. Shearson, | ) | CASE NO. 1:06 CV 1478 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| United States Department of Homeland Security, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion for Reconsideration of the Court's Orders of March 7 & 31, 2007 (Doc. 39). Also pending is Defendants' Motion for an Order Permitting the Filing of Declaration(s) In Camera, Ex Parte (Doc. 37). For the following reasons, Defendants' Motion for an Order Permitting the Filing of Declaration(s) In Camera, Ex Parte is DENIED. Due to the overwhelming amount of redacted material contained in the docketed version of the materials, the Court cannot ascertain whether defendants are entitled to the relief they seek. Accordingly, defendants' motion for reconsideration is also DENIED. Defendants may refile their motion for reconsideration on or before June 8, 2007.

1

**ANALYSIS**

Plaintiff, Julia Shearson, filed this lawsuit against defendants, United States Department of Homeland Security ("DHS") and the United States Customs and Border Protection ("CBP"). This is an action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Plaintiff seeks documents regarding a border stop involving plaintiff and her minor child. On October 6, 2006, defendants filed a motion for summary judgment. After several extensions, the motion was fully briefed. On March 3, 2007, the Court entered a ruling granting summary judgment in favor of defendant on certain issues and denying the motion with respect to other issues. The Court ordered the CBP to produce previously withheld documentation and further ordered the DHS to conduct a search for records. Nearly six weeks later, defendants filed a motion for reconsideration of those portions of the Court's order denying summary judgment.

Along with their motion, defendants filed a motion for leave to file large portions of the memorandum in support, as well as the supporting declarations,[1] *in camera*, *ex parte*. According to defendants, the redacted portions of the memorandum and declarations contain highly sensitive law enforcement information that should not be publically disclosed. The Court has reviewed the redacted portions of the materials submitted by the government, and finds that the

---

[1] Shortly after filing their initial memorandum, the Court issued an order indicating that it would review the materials *in camera* in order to determine whether the information should be protected from public disclosure. Before the materials were submitted, however, defendants filed an amended memorandum and declarations. As a result, the initial memorandum and declarations will not be reviewed by the Court. Accordingly, to the extent defendants are still seeking to file these materials *in camera, ex parte*, the request is denied. The Court, however, will treat the motion to file materials *in camera* as pertaining to the amended documents.

government's motion to file their materials *in camera* and *ex parte* must be denied.  The majority of the information defendants seek to protect involve facts that the Court previously ruled must be disclosed.  While the Court certainly makes no rule of law on this issue, the Court notes that on the facts of this particular case, the information need not be protected from disclosure such that plaintiff herself cannot respond to the arguments.  As the government rightly admits, it voluntarily disclosed this information directly to plaintiff.  In addition, the government's attorney specifically identified plaintiff as a "suspected terrorist" in its motion for summary judgment.  The government now argues that *all* of these disclosures were somehow "inadvertent" and, in fact, the information is so sensitive that it now must be filed *ex parte* and *in camera*.  The government's own actions to date belie the argument it now makes.  If this information were so sensitive then certainly some measures would have been taken to avoid the numerous "inadvertent" disclosures made by the government.  Having voluntarily disclosed the information, the Court finds that further withholding of the information is not necessary to further any law enforcement purpose.  Of course, the Court's ruling cannot be uniformly applied to all individuals.  Rather, on the facts of this case, where the information has already been disclosed by the government, there is no need to maintain the secrecy of the information in the drastic fashion sought by the government. [2]

The docketed version of the materials supporting the motion for reconsideration is nearly

---

[2] In addition to information previously disclosed to plaintiff, the government attempts to redact general information regarding the TSDB, much of which is readily available on the FBI's own website.  (*See, e.g.*, memo at 9).  Notably, the government also redacts citations to case law throughout its memorandum.  The Court fails to see why case citations are protected law enforcement sensitive information.

3

90% redacted. As such, the Court is unable to determine the nature of the arguments made in support of the motion. Accordingly, the motion is denied. However, in the event defendants wish to refile their motion for reconsideration in a *significantly* less redacted form, they may do so on or before June 8, 2007. The Court cautions defendants, however, that as a general rule the Court does not grant motions for reconsideration where the losing party simply more thoroughly reargues its previously rejected position. Nor does the Court look favorably upon the submission of "new evidence" that was readily available during the initial briefing process.

### **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Reconsideration of the Court's Orders of March 7 & 31, 2007 and Defendants' Motion for an Order Permitting the Filing of Declaration(s) In Camera, Ex Parte are DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/1/07