UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Julia A. Shearson,** | ) | **CASE NO. 1:06 CV 1478** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **United States Department of Homeland Security, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion for Reconsideration of the March 7, 2007 Order Granting Summary Judgment to CBP With Respect to Adequacy of Search (Doc. 94). Also pending are Defendants' Motion for Reconsideration Refiled Pursuant to June 1, 2007 Memorandum of Opinion and Order (Doc. 39) and Defendants' Supplemental Motion for Summary Judgment (Doc. 58). This case arises out of plaintiff's request under the Freedom of Information Act. For the reasons that follow, plaintiff's motion is GRANTED and defendants' Motions are DENIED.

1

**FACTS**

Only those facts necessary for a resolution of the pending motions are set forth herein.

Plaintiff, Julia Shearson, filed this action against defendants, The United States Department of Homeland Security ("DHS") and The US Customs and Border Protection ("CBP") (sometimes, collectively "government"). Plaintiff alleges that defendants improperly withheld documents in response to plaintiff's FOIA request.

The government moved for summary judgment, arguing that defendants properly withheld certain protected information. In addition, each defendant argued that it had properly conducted a search for all responsive records. The Court granted the government's motion in part. Specifically, the Court held that DHS was not entitled to summary judgment with regard to the adequacy of the search. On the other hand, the Court concluded that CBP presented sufficient evidence to establish that its search was adequate. In addition, the Court rejected certain arguments made by the government that information it refused to turn over was protected from disclosure. In a detailed opinion, the Court analyzed the objections raised by the government and ordered the government to turn over certain information to plaintiff.

The government moves for reconsideration of the Court's opinion to the extent it orders the government to turn over specific information and concludes that DHS is not entitled to summary judgment on the adequacy of its search. The government also moves for summary judgment with respect to newly discovered documents. Plaintiff opposes both motions.

In addition, plaintiff moves the Court to reconsider that portion of the Opinion granting summary judgment in favor of the CBP as to the adequacy of the search. CBP opposes the motion.

Each motion will be addressed in turn.

**STANDARD OF REVIEW**

**Motions for Reconsideration**

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. "Instead, such motions, if served within ten days of entry of judgment, are considered motions to alter or amend judgments pursuant to [ ] Rule 59(e)." *Stubblefield v. Skelton*, unreported, 117 F.3d 1421 (6th Cir. July 10, 1997), *citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). "Generally, there are three major situations which justify a court reconsidering one of its orders: 1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice." *Hancor, Inc. v. Inter American Builders Agencies*, 1998 WL 239283 (N.D. Ohio March 19, 1998), *citing In re Continental Holdings, Inc.*, 170 B.R. 919, 939 (Bankr. N.D. Ohio 1994). The ten day filing period, however, is jurisdictional in nature, and any motion to reconsider filed outside this time frame is of no effect. *Feathers v. Chevron, U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). A motion to reconsider filed more than ten days after the entry of judgment is appropriately treated as a motion for relief from judgment under Rule 60(b).

> The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion, however. A timely Rule 59 motion may be granted 'for any of the reasons which rehearings have heretofore been granted in suits in equity in the courts of the United States.' A Rule 60(b) motion, by contrast, may be granted only for certain specified reasons....

*Id*.

Rule 60(b) provides that relief may be granted only for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

>   (2)  newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3)  fraud, misrepresentation, or other misconduct of an adverse party;
>
>   (4)  the judgment is void;
>
>   (5)  the judgment has been satisfied, release, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
>   (6)  any other reason justifying relief from the operation of the judgment.

**Summary Judgment**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in

> this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

## **ANALYSIS**

1.  Government's motion to reconsider

The government moves for reconsideration of this Court's order to the extent it requires disclosure of certain information and concludes that DHS is not entitled to summary judgment as to the adequacy of its search. The government initially sought reconsideration by filing a highly redacted motion and accompanying affidavit. The Court denied the government's request to file the redacted information *in camera* and under seal, but allowed the government to refile its motion if it chose to do so. (Doc. 53). The government submitted a revised memorandum and affidavit in support. The government did not, however, seek leave to file the redacted portions *in camera* or under seal. Accordingly, the Court is able to review only the redacted memorandum and affidavit.

As plaintiff points out, it is impossible to discern the nature of the particular arguments made by defendants in their brief and supporting affidavits with respect to law enforcement sensitive information. An overwhelming majority of the material is redacted. The Court finds

5

that the remaining material does not provide a sufficient basis on which to grant the government's motion.

The government did, however, file an unredacted reply brief along with two unredacted affidavits. The Court rejects all of the arguments made by defendants. As an initial matter, this information is raised publicly for the first time in a reply brief. Plaintiff, however, has no automatic right to respond to these new aruguments. It is remarkable to the Court that defendants are only now able to file a public version of their arguments. The Court refused to allow defendants to file their initial motion for reconsideration because it was so heavily redacted. Rather, the Court permitted defendants to refile their motion provided it was in a substantially redacted form. Defendants, however, chose to file a revised brief in support of their motion for reconsideration, which is still heavily redacted. The Court will simply not permit defendants to file a heavily redacted motion and then attempt to support their motion with an unredacted reply brief. There is no reason the arguments presented in the reply brief could not have been made in the motion. Moreover, even if the Court were to consider the arguments, defendants offer no basis on which to grant the motion. All of the arguments defendants raise could easily have been raised in their initial summary judgment motion. Defendants present no new evidence or legal theory supporting their request. Accordingly, to the extent defendants are asking this Court to reconsider its order with respect to law enforcement sensitive information withheld pursuant to Exemptions 2 and 7, the motion is denied.

The government also asks the Court to reconsider its ruling that the government failed to establish that the work product doctrine (Exemption 5) applies to Document 3. In its Order, the Court concluded that the government failed to provide any evidence regarding the author or

recipient of Document 3. Rather, the government simply recited the law in a general fashion and stated, without evidentiary support, that Document 3 is an "internal memorandum created by local CBP management for local CBP Office of Assistant Chief Counsel." Now, the government attempts to provide additional evidentiary support regarding the timing of preparation and the purpose of the creation of Document 3. The Court finds that the government's submission does not provide grounds for reconsideration. This evidence was available at the time the initial motion was filed and the government offers no explanation as to its failure to timely submit these materials. Plaintiff filed a lengthy brief raising specific arguments to the government's claim of work product during the initial briefing, yet the government failed to identify this evidence. As such, the Court finds that the government is not entitled to reconsideration of the Court's ruling regarding Exemption 5.

The Court further finds that defendant fails to provide any basis on which to reconsider the Court's denial of summary judgment as to the adequacy of DHS's search. The evidence defendants now present could have been provided to the Court in the initial summary judgment motion.

In all, the Court finds that defendants' motion for reconsideration must be denied.

2. Plaintiff's motion to reconsider

Plaintiff argues that newly discovered evidence requires reconsideration of the Court's order as to the adequacy of CBP's search. Specifically, plaintiff relies on Defendant's Notice of Newly Identified Document (Doc. 92). In that filing, defendants state that they understood plaintiff's original FOIA request to encompass only the January 8, 2006 border stop. According to defendants, they recently realized that plaintiff intended her request to include not only the

7

January 8, 2006 border stop, but all border crossings involving plaintiff and her minor daughter. Defendants claim that they then conducted a broader search of all of the relevant systems and that the search produced one additional document. That document identifies other border crossings, but also includes a notation regarding the January 8, 2006 border stop. According to defendants, all systems have been searched and all responsive documents have been identified based on the broader understanding of the scope of plaintiff's initial request.

Plaintiff argues that the government should have broadly construed her request in the first instance.[1] Plaintiff also argues that even if the Court accepts that CBP's narrow interpretation was taken in good faith, the "new" document should have been identified because it contains information regarding the January 8th border stop. In addition, plaintiff argues that the government failed to provide any evidence, either via affidavit or otherwise, supporting its assertion that all databases have been searched and all responsive documents identified. Plaintiff further points out that in the affidavit initially provided by CBP in support of its motion for summary judgment, Dorothy Pullo averred that the only responsive records system maintained by CBP consists of the TECS system. It appears now that the government admits that TECS is not the only system maintained by the CBP.

Upon review, the Court finds that plaintiff's motion must be granted. The government argues that its initially narrow interpretation of plaintiff's FOIA request was made in good faith and that as soon as the government realized the breadth of the request, it undertook a more expansive search. As a result, the government now claims that it has searched all databases and

---

[1] Defendants, on the other hand, point out that plaintiff and the Court appeared to understand the request to be limited to documents involving only the January 8, 2006 border stop.

produced all responsive documents. While the Court has no reason to question the veracity of these representations, the Court agrees with plaintiff that evidence in the form of an affidavit or otherwise is required to support these assertions. Notably, the government does not argue that its initial interpretation of the request was correct. Rather, the government states that the additional review is now complete. A statement in a brief, however, is insufficient to establish this point. Accordingly, based on newly discovered evidence, *i.e.*, the government's admission that plaintiff's request was broader than the initial search conducted by the government, reconsideration of the Court's early order is warranted and summary judgment in favor of CBP must be reversed.[2]

        3.        Supplemental motion for summary judgment

The government moves for summary judgment with respect to an undisclosed number of documents it located after the Court's initial summary judgment ruling. In its motion, the government identifies these materials as "of the same nature" as the documents that were the subject of the Court's previous summary judgment order.

The Court is greatly disturbed at the inordinate amount of redactions present in the government's brief. Other than a general overview of the exemptions claimed, there is no other

---

[2] The Court notes that the government filed a lengthy reply brief in support of its own motion for reconsideration on the issue of the adequacy of DHS's search. In the supporting affidavit, the affiant provides detailed information on the structure and control of certain databases. Procedurally, however, the Court will not parse out certain information from briefs supporting different motions in order to determine these issues. The government did not provide sufficient evidence in opposition to plaintiff's motion for reconsideration to defeat the motion.

readable material.[3]  Moreover, the Court questions the inconsistent application of redactions. For example, in this motion the government discloses the number of documents at issue in the initial production of documents.  Yet, inexplicably, the government redacts the number of documents at issue in this summary judgment motion.  The Court questions why the number of documents at issue in this motion would be so sensitive that redaction would be required, yet, in the same document, the government voluntarily discloses the number of documents previously at issue.[4]

Simply put, the government fails to set forth a sufficient basis to demonstrate that it is entitled to summary judgment.

4. Remaining issues

---

[3] Again, the government presents an unredacted reply brief.  In light of the highly redacted motion, however, the Court will not consider specific arguments made by defendants in that plaintiff has no automatic opportunity to respond.  As set forth at the end of this Opinion, the Court will set a briefing schedule addressing the remaining issues in this case.

[4] As the Court has previously noted, the government obtained new counsel in this matter.  The government goes to great lengths to argue that many of the disclosures it previously made, including those made in documents, pleadings and affidavits, were "inadvertent."  As such, the Court anticipates that the government is now redacting information that it already previously disclosed. Apparently, however, the number of documents at issue with regard to the previous motion was not an "inadvertent" disclosure, because that number is not redacted in this motion.  The Court is simply at a loss as to why the number of documents at issue in this motion is now so sensitive that disclosure cannot be made.  It does, appear, however, that the government concedes the issue as it provided the information in response to the Court's order granting plaintiff's motion to compel production of a supplemental *Vaughn* index.

Having denied defendants' motion for reconsideration, the Court ORDERS defendants to produce the information set forth in the March 7, 2007 Memorandum of Opinion and Order on or before April 18, 2008.  In addition, merit briefs on the issues of the adequacy of the searches conducted by CBP and DHS and the disclosure of the documents set forth on the supplemental *Vaughn* index are due on or before May 5, 2008.  Briefs in opposition and reply briefs are due according to rule.  The parties in this case have requested repeated extensions of time.  This case is already two years old and further extensions of time will only be granted for extraordinary circumstances.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is GRANTED and Defendants' Motion for Reconsideration and Supplemental Motion for Summary Judgment are DENIED.

IT IS SO ORDERED.


     /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 4/3/08