**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| Julia A. Shearson, | ) | **CASE NO. 1:06 CV 1478** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States Department of Homeland | ) | **Memorandum of Opinion and Order** |
| Security, et al., | ) | |
| | ) | |
| Defendants. | ) | |


**INTRODUCTION**

This matter is before the Court upon plaintiff's Motion to Compel Production of Documents Listed in the Supplemental Vaughn Index and for Order Requiring DHS/CBP to Conduct an Adequate Search of Responsive Systems of Records and to Refer Plaintiff's Request to the Agencies Controlling Responsive Records and Issue an Order That Plaintiff May Seek Redress Under the Privacy Act (Doc. 124). Also pending is Defendants' Motion to Dismiss (Doc. 129). In this matter, plaintiff seeks documents held by governmental agencies concerning a border stop involving plaintiff and her minor child. For the reasons that follow, plaintiff's motion is DENIED and defendants' motion is GRANTED in PART.

1

**FACTS**

Plaintiff, Julia Shearson, filed a two count complaint against defendants, The United States Department of Homeland Security ("DHS") and The US Customs and Border Protection ("CBP") (sometimes, collectively "government") alleging the wrongful withholding of documents concerning a border stop involving plaintiff and her minor child.  The facts of this case are undisputed.  Count one is a claim brought pursuant to the Privacy Act and the Freedom of Information Act, 5 U.S.C. § 522a, et seq.  Count two alleges improper dissemination.

This Court granted summary judgment in favor of CBP with regard to plaintiff's Privacy Act claim.  In addition, the Court reviewed the documents *in camera* and ordered CBP to produce the documents with the exception of certain material the Court determined was exempt from disclosure.  The Court concluded that CBP conducted an adequate search.  With regard to DHS, however, the Court concluded that summary judgment was not proper since there was no indication that DHS conducted any search.  Accordingly, the Court ordered DHS to conduct a search for records responsive to plaintiff's FOIA request.  Subsequently, the government noted that additional documents were discovered by both CBP and DHS.  The government argued that the documents were exempt in their entirety and, therefore, refused to produce the documents to plaintiff.  In addition, plaintiff moved the Court to reconsider that portion of its Order granting summary judgment in favor of CBP with regard to the adequacy of its search.  The Court granted the motion.  In an effort to facilitate a resolution of this matter, which has been pending now for over two years, the Court requested merit briefs on the two remaining issues, *i.e.*, the adequacy of defendants' searches and whether the additional documents are exempt from FOIA.

In response, plaintiff moves to compel the additional documents and asks that the Court

2

enter an order requiring that additional searches be performed by defendants.  In addition, plaintiff asks for an order that "plaintiff may seek redress under the Privacy Act."  In response, defendants move to dismiss the lawsuit.  According to defendants, they have now produced all responsive documents (subject to the Court's previously noted exemptions).  In addition, defendants argue that they have exhaustively searched for responsive records.  Defendants further claim that plaintiff has no Privacy Act claim.

### ANALYSIS

A.      Responsive records

Defendants seek dismissal of plaintiff's FOIA claim on the grounds that they have now produced all responsive records subject only to the redactions permitted by the Court.  According to defendants, this claim is now moot.  Plaintiff does not dispute that the records have been produced.  Rather, plaintiff argues that other issues, *i.e.*, arguments regarding the adequacy of the search and/or issues arising under the Privacy Act, afford this Court with jurisdiction.

Upon review, the Court finds that dismissal of plaintiff's FOIA claim is appropriate to the extent it seeks production of the documents.  *See, e.g., GMRI, Inc. v. Equal Employment Opportunity Comm'n*, 149 F.3d 449, 451 (6th Cir. 1998).[1]

B.      Adequacy of search

Next, the parties dispute whether the searches conducted by the CBP and DHS were adequate.

---

[1]      To the extent defendants' motion seeks dismissal of the remaining claims, the Court concludes that dismissal for lack of jurisdiction is not the appropriate disposition.  Rather, as set forth herein, judgment in favor of defendants is the correct procedural vehicle to dispose of the remaining claims.

The burden of establishing the adequacy of its search lies at all times with the government. *Rugiero v. United States Department of Justice*, 257 F.3d 534, 547 (6th Cir. 2001). "In response to a FOIA request, an agency must make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *Id*. To evidence the adequacy of its search, the government may rely on reasonably detailed affidavits discussing the scope of the search. *Id*. "The question focuses on the agency's search, not on whether additional documents exist that might satisfy the request." *Id*. (citations omitted).

Plaintiff argues that neither CBP or DHS conducted an adequate search. Plaintiff points out various shortcomings she believes renders the searches inadequate.[2] In response, defendants provide detailed affidavits outlining the extensive searches both CBP and DHS have conducted to date. In response to the information contained in the affidavits, plaintiff claims that a TECS record sheet should "normally" accompany each passenger activity report. It appears that plaintiff is claiming that the TECS record sheet is missing. Plaintiff also claims that defendants fail to explain their search procedures with regard to "PNR" documents.

Upon review, the Court finds that the searches detailed in the affidavits filed in this matter are adequate to discharge defendants' obligations under FOIA. The Court finds that the methods utilized by defendants would be reasonably expected to produce the requested information. The fact that one document, *i.e.*, the TECS record sheet, may be "missing" is not

---

[2]     For example, plaintiff argues that defendants failed to adequately describe the systems of records, failed to address three other border crossings, failed to explain what information was searched and downloaded from AutoTrak, Avalanche and OpenSource, and failed to search the components that access ATS.

the relevant inquiry.[3]  Accordingly, plaintiff is not entitled to an order requiring defendants to conduct further searches or referring the request to other agencies.

      C.      Privacy Act

The Court is at a loss at to what precise relief plaintiff seeks in asking for an "order that plaintiff may seek redress under the Privacy Act."  It is not clear whether plaintiff is seeking to assert a new claim, revive the Privacy Act claim for which CBP was granted summary judgment or pursue a Privacy Act claim against DHS.  It appears that plaintiff is claiming that defendants failed to give proper notice under the Privacy Act with regard to the Automated Targeting System ("ATS").  According to plaintiff, ATS was originally covered by the System of Records Notice ("SORN") for the TECS system.  On November 2, 2006, a SORN was issued specifically for ATS.  Subsequently, on August 6, 2007, a second SORN was issued for ATS.  Plaintiff argues that the government's delay in producing the documents may impact which SORN is applicable.  Regardless, plaintiff argues that the notice provisions were violated.  In response, the government argues that the notice provisions were entirely appropriate.  Regardless, the government claims that monetary damages are required in order to proceed with a claim.

The Court finds that plaintiff is not entitled to an order permitting her to seek redress under the Privacy Act.  First, plaintiff's "request" is procedurally defective.  Second, plaintiff was aware long ago of the issues she now raises.  For example, at the very latest, plaintiff knew of the notice issue as of the most recently issued SORN, *i.e.*, August 6, 2007.  Moreover,

---

[3]      Plaintiff also argues that there is a "question of fact" as to whether defendants were aware of responsive records prior to the time they informed the Court of the existence of the records.  The Court finds that this issue does not alter the Court's conclusion that the search procedures themselves were thorough.

plaintiff admitted more than a year ago that "it appears likely that ATS is a responsive system of records."  (Doc. 85).  Yet, plaintiff waited nearly a year to ask the Court for an order permitting her to seek redress under the Privacy Act.  Moreover, as the government points out, in order to state a claim for relief for failure to provide a proper SORN, plaintiff must have suffered actual damages.  In response, plaintiff claims she suffered mental anguish and further suffered actual damages in the form of damage to her car that occurred during the border stop.  Even assuming that plaintiff could somehow prove that the damage to her vehicle and/or emotional distress was the result of an improperly issued SORN, plaintiff fails to provide any evidence supporting her claim.  For these reasons, the Court declines to issue an order permitting plaintiff to seek redress under the Privacy Act.[4]

### CONCLUSION

For the foregoing reasons, plaintiff's Motion to Compel Production of Documents Listed in the Supplemental Vaughn Index and for Order Requiring DHS/CBP to Conduct an Adequate Search of Responsive Systems of Records and to Refer Plaintiff's Request to the Agencies Controlling Responsive Records and Issue an Order That Plaintiff May Seek Redress Under the Privacy Act is DENIED.  Defendants' Motion to Dismiss is GRANTED in PART.  To the extent plaintiff seeks disclosure of documents under FOIA, the claim is DISMISSED.  With regard to the adequacy of the search claim and any Privacy Act claim asserted against defendant DHS, judgment in favor of defendants is warranted.  Plaintiff's request for an order permitting her to

---

[4]      Plaintiff asks that, in the event the Court dismisses any of the claims, she be granted leave to amend her complaint.  The only claim the Court dismissed consists of plaintiff's request for documents.  That claim is now moot.  Thus, any amendment to the complaint would be futile.

seek redress under the Privacy Act is DENIED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/10/08

7