UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Julia Shearson, | ) | CASE NO.1:06 CV 1478 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| United States Department of Homeland Security, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Dismiss Remaining Privacy Act Claims (Doc. 156). This case arises out of a border stop. For the reasons that follow, the motion is DENIED.

**FACTS**

Only those facts necessary for a resolution of the instant motion are set forth herein.

Plaintiff, Julia Shearson, filed a two count complaint against defendants, The United States Department of Homeland Security ("DHS") and The US Customs and Border Protection ("CBP") (sometimes, collectively "government") alleging the wrongful withholding of

1

documents concerning a border stop involving plaintiff and her minor child. Count one is a claim brought pursuant to the Privacy Act and the Freedom of Information Act, 5 U.S.C. § 522a, et seq. Count two alleges improper dissemination. Noting a split in authority, this Court previously ruled that the Privacy Act does not contain a private right of action. The Court further reviewed the documents at issue during an *in camera* inspection and ordered the government to produce some of the documents. Plaintiff appealed only the Court's conclusion with regard to the Privacy Act. The Sixth Circuit reversed, concluding that a private right of action exists under the Privacy Act. Specifically, the Sixth Circuit held as follows:

> We VACATE the dismissal of Shearson's claims under §§ 552a(b) and (e)(7) because Defendants could not properly exempt the TECS and ATS from civil liability for violating these sections. We REMAND these claims for further proceedings consistent with this opinion. We AFFIRM the dismissal of Shearson's claims brought under substantive provisions of the Act from which Defendants could and did properly exempt TECS under § 552a(j), specifically §§552a(d), (e)(1), and (e)(5). We also affirm the dismissal of Shearson's claim under § 552a(e)(4).

Accordingly, this case is now before this Court for a resolution of "Shearson's claims under §§ 552a(b) and (e)(7)." Defendants move to dismiss the claims and plaintiff opposes the motion.

### **STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re*

2

*DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

### **ANALYSIS**

1.   § 552a(b) (improper dissemination)

In this count, plaintiff alleges that "incorrect, adverse, and harmful information signifying that [plaintiff] is "ARMED AND DANGEROUS" has been shared by CBP with many other agencies. (Compl. ¶¶50-51). According to the complaint, plaintiff is "a law-abiding citizen who

has never been arrested, who has no criminal record, and who has never been in possession of a firearm." (Compl. ¶ 7).

Defendants argue that this claim should be dismissed because any dissemination of information was made pursuant to a "routine use" exception, *i.e.*, "for law enforcement purposes." According to defendants, the Federal Register provides that records within TECS[1] may be disclosed for the purposes of investigating potential violations of criminal law. Defendants claim that TECS contains "enforcement, inspection, and intelligence records relevant to the anti-terrorism and law enforcement mission of CBP and other federal agencies it supports." Defendants argue that, by plaintiff's own admission, the disclosures by CBP were made to other law enforcement agencies and, as such, were made for a "routine use." Defendants argue that plaintiff's own allegations foreclose her claim. In response, plaintiff argues that the "routine use" exception does not mandate dismissal of this claim. According to plaintiff, the "routine use" published in the Federal Register provides that the exception applies only "where the disclosing agency becomes aware of an indication of a violation or potential violation of civil or criminal law" or "where DHS determines that the information would assist in the enforcement of civil or criminal laws." Because plaintiff expressly alleged that she is a law-abiding citizen with no criminal record, the routine use exception does not apply. Plaintiff then suggests that defendants targeted her at the border because she is Muslim. In reply, defendants argue that the allegations in the complaint do not support plaintiff's alternative

---

[1] "TECS" stands for the Treasury Enforcement Communications System. According to defendants, TECS and IBIS (Interagency Boarder Inspection System) are now largely synonymous and IBIS is no longer used.

4

theory, *i.e.*, that the use was not "routine" because it served to target Muslims, as opposed to assisting in law enforcement.

Upon review, the Court finds that defendants' motion must be denied because plaintiff's allegations do not, as a matter of law, establish that the disclosures were made pursuant to a "routine use." 5 U.S.C. § 552a(b) provides as follows:

> Conditions of disclosure– No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, any individual to whom the record pertains, unless disclosure of the record would be–
>
> > (3) for a routine as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section.

Subsection (a)(7) defines routine use as "the use of such record for a purpose which is compatible with the purpose for which it was collected." Subsection (e)(4)(D), in turn, requires an agency to publish in the Federal Register each routine use, including the categories of users and the purpose of such use.

In this case, defendants identified the following "routine use" in the Federal Register:

> These records and information in the records may be used to: (1) Disclose pertinent information to appropriate Federal, State, local, or foreign agencies responsible for investigating or prosecuting the violations of, or for enforcing or implementing, a statute, rule, regulation, order, or license, where the disclosing agency becomes aware of an indication of a violation or potential violation of civil or criminal law or regulation....

In addition, defendants point out that the Department of Homeland Security published the following "routine use" for TECS in the Federal Register in 2008:

> To appropriate Federal, State, local, tribal, or foreign governmental agencies or multilateral governmental organizations responsible for investigating or prosecuting the violations of, or for enforcing or implementing, a statute, rule, regulation, order, license, or treaty where DHS determines that the information would assist in the enforcement of civil or criminal laws.

5

Plaintiff alleges that she was a law-abiding citizen with no criminal record. She further alleges that she never possessed a firearm. Plaintiff goes on to allege that at the border an "armed and dangerous" alert flashed on the screen. In order to be considered a "routine use," the "disclosing agency [must] become[] aware of an indication of a violation or potential violation of civil or criminal law or regulation." This Court finds that plaintiff fairly alleges that defendants did not meet the "routine use" exception because the disclosing agency could not have been aware of any wrongful behavior.[2] Defendants do not respond to this argument in their reply brief. Rather, defendants focus solely on the argument that plaintiff fails to allege that defendants targeted Muslims in wrongfully disclosing information. The Court finds, however, that plaintiff need not make such an allegation to sustain a claim under § 552a(b). Moreover, as set forth in detail below, the Sixth Circuit already determined that plaintiff's allegations are sufficiently specific to set forth a claim under this section. Accordingly, defendants' motion must be denied.

2. § 552a(e)(7) (First Amendment claim)

Defendants argue that plaintiff fails to state a claim for a violation of § 552a(e)(7), which prohibits defendants from maintaining records describing how plaintiff exercises her First Amendment rights. According to defendants, plaintiff previously made such arguments in her briefs, but a review of the complaint demonstrates that she did not adequately plead such a claim.

---

[2] With regard to the "routine use" exceptions published by DHS, the Court notes that these routine uses were first published in 2008, years after the allegedly wrongful disclosure occurred. Regardless, the Court finds that the Complaint does not, as a matter of law, establish that "DHS determine[d] that the information would assist in the enforcement of civil or criminal laws." To the contrary, plaintiff alleges that she is a law-abiding citizen.

6

Defendants also argue that the complaint fails to state a claim under this section of the Privacy Act because plaintiff seeks only injunctive relief, which is not available for violations of § 552a(e)(7).  In response, plaintiff argues that the Sixth Circuit expressly recognized that plaintiff stated a claim for violation of § 552a(e)(7).  Alternatively, plaintiff argues that the complaint contains sufficient facts to support this claim.  Plaintiff also claims that the claim does not fail simply because the complaint lacks a specific request for monetary damages.   Plaintiff points out that she requested injunctive relief and "such other relief as the Court may deem just and proper."  Moreover, plaintiff points out that she filed the complaint *pro se*.   In reply, defendants argue that this Court never expressly held that plaintiff stated a claim under § 552a(e)(7).  As such, the Sixth Circuit's opinion is mere dicta, which this Court need not follow.

Upon review, the Court finds that the Sixth Circuit's ruling in this case is binding on this Court.  The Sixth Circuit held as follows:

> As the district court recognized, Shearson alleged improper dissemination, *i.e.*, wrongful disclosure, and improper maintenance of records of First Amendment activity, among other claims.  *See*, *Shearson*, 2007 WL 764026, at *10, 12 n.14.  We thus reject Defendants' argument that Shearson's allegations as to these two claims 'are too generalized, speculative, and insubstantial to state a valid claim for the alleged violations of these provisions.'"

Although defendants correctly note that this Court never addressed whether the complaint states a claim under § 552a(e)(7), the Sixth Circuit read the opinion as stating as much.[3]  The Sixth Circuit went further, however, and expressly rejected defendants' precise

---

[3] In the portions of this Court's opinion cited by the Sixth Circuit, this Court simply noted that it need not reach plaintiff's "arguments" regarding § 552a(e)(7) inasmuch as the Court concluded that no private right of action exists under this section. The arguments referred to by this Court appeared in plaintiff's briefs, not the complaint.

7

argument here–namely, that the allegations in the complaint lack sufficient specificity to state a claim.  The Sixth Circuit's holding is binding on this Court.  As such, the Court finds that the claim does not fail for lack of specificity.  The Court further rejects defendants' argument that the complaint should be dismissed because plaintiff failed to expressly seek monetary damages.  As plaintiff points out, she sought "other relief," and this Court will broadly construe plaintiff's request, especially in that she filed this case *pro se*.  Moreover, based on the footnote in the Sixth Circuit's opinion, the Court finds that the allegations, including those related to damages, adequately state a claim for relief.  As such, defendants' arguments are rejected.

### **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Remaining Privacy Act Claims (Doc. 156) is DENIED.

IT IS SO ORDERED.


/s/ Patricia A.Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 2/7/12